UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

PANTELIS CHRYSAFIS, BETTY COHEN, BRANDIE
LACASSE, MUDAN SHI, FENG ZHOU, and RENT
STABILIZATION ASSOCIATION OF NYC, INC.,

                    2:21-cv-02516(GRB)(AYS)

                Plaintiffs,

    -against-

LAWRENCE K. MARKS, in his official capacity as Chief
Administrative Judge of the Courts of New York State,
ADRIAN H. ANDERSON, in his official capacity as Sheriff of
Dutchess County, New York, JAMES DZURENDA, in his
official capacity as Sheriff of Nassau County, New York,
JOSEPH FUCITO, in his official capacity as Sheriff of New
York City, New York, MARGARET GARNETT, in her
official capacity as Commissioner of the Ne York City
Department of Investigation, and CAROLINE TANG-
ALEJANDRO, in her official capacity as Director, Bureau of
Marshals, New York City Department of Investigation,

                Defendants.
-------------------------------------------------------------------------x

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR A PRELIMINARY INJUNCTION

                McCABE & MACK LLP
                Kimberly Hunt Lee
                *Attorneys for Defendant Adrian H. Anderson*
                63 Washington Street
                P.O. Box 509
                Poughkeepsie, NY 12602-0509
                Tel: (845) 486-6800

2581-227/dmf

**TABLE OF CONTENTS**

| | Page |
|---|---|
| Preliminary Statement | 1 |
| Factual Background | 1 |
| Plaintiffs Are Not Entitled to a Preliminary Injunction | 4 |
| Likelihood of Success | 7 |
| Conclusion | 12 |

# TABLE OF AUTHORITIES

Chrysafis v. James, 2021 U.S. Dist. LEXIS 72602, 21-cv-998
(JS)(ARL) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S. Ct. 1571,
89 L. Ed. 2d 806 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Deitz v. Mangano, 30 N.Y.S.2d 8, 9 (Sup. Ct., 1941) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Genesee Brewing Co. v. Stroh Brewing Co., 124 F.3d 137 (2d Cir.,
1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir., 1990) . . . . . . . . . . . . 5

Lang v. Dreyer, 170 Misc. 107, 9 N.Y.S.2d 970, 973 (Sup. Ct., 1939) . . . . . . . . . . . . . 9

Maldonado v. N.Y. County Sheriff, 2006 U.S. Dist. LEXIS 64391
(SDNY, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Mamiya Co. v. Masel Supply Co., 719 F.2d 42, 45 (2d Cir., 1983) . . . . . . . . . . . . . . . . 5

Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct.
2018, 56 L. Ed. 2d 611 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

NAACP v. Town of East Haven, 70 F.3d 219 (2d Cir., 1995) . . . . . . . . . . . . . . . . . . . . 5

Stancati v. Cnty. of Nassau, 2015 U.S. Dist. LEXIS 43802 (EDNY,
2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tornheim v. Eason, 363 F.Supp.2d 674 (SDNY, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 9

Vives v. City of New York, 524 F.3d 346 (2d Cir., 2008) . . . . . . . . . . . . . . . . . . . . . 9, 10

2581-227/dmf

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of defendant, Dutchess County Sheriff Adrian Anderson ("Sheriff Anderson") in opposition to plaintiff's application for a preliminary injunction. The preliminary injunction should be denied as against Sheriff Anderson because he is not a proper party to this lawsuit and because plaintiffs cannot meet the most basic requirements for a preliminary injunction and cannot show the likelihood of success on any claims against Sheriff Anderson.[1]

## FACTUAL BACKGROUND

This is not the first time these plaintiffs have challenged the constitutionality of COVID-19 Emergency Evictions and Foreclosure Prevention Act of 2020 ("CEEFPA"). In Chrysafis v. James, 2021 U.S. Dist. LEXIS 72602, 21-cv-998 (JS)(ARL) ("Chrysafis I") plaintiffs commenced an action against Letitia James, the Attorney General, in her official capacity. The plaintiffs' motion for a preliminary injunction was denied and the Attorney General's motion to dismiss was granted based on the lack of subject matter jurisdiction. The same plaintiffs have now commenced essentially the same proceeding against different defendants including Sheriff Anderson. Much like the Attorney General was not a proper defendant in Chrysafis I, Sheriff Anderson is not a proper party here.

The basic history of CEEFPA is contained in the Opinion and Order on Chrysafis I and also within plaintiffs' memorandum of law. It is also described in significant detail in each of the co-defendants memorandum's in opposition to this application as such it will not be repeated in detail here. Distilled to its essence, CEEFPA permits tenants to get an automatic

---

[1] Sheriff Anderson anticipates filing a pre-motion letter in compliance with the court's rules to make a motion pursuant to F.R.Civ.P. Rule 12(b)(6) as the complaint does not state a cause of action against him and because the Sheriff is entitled to absolute immunity in the event a cause of action is actually stated.

stay of eviction by completing and sending a hardship declaration to their landlord, the court, a sheriff, marshall or city constable. The law also makes all eviction warrants defective unless they contain specific language referencing the hardship declaration. The statute prohibits law enforcement officials from evicting the tenant in the event a hardship declaration is provided. If no hardship declaration is provided, or the tenant is engaging in ongoing nuisance activity, regardless of whether the tenant has provided a hardship declaration, the landlord may commence an eviction proceeding. CEEFPA does not "forbid" a landlord from commencing an eviction proceeding, but rather reasonably limits its' ability to do so.

Presumably Sheriff Anderson is named as a defendant here because plaintiff, Brandie LaCasse, owns property in Dutchess County where Sheriff Anderson serves as Sheriff. According to her declaration submitted in support of the application for a preliminary injunction, LaCasse owns 6 rental properties in New York. (See, LaCasse declaration, ¶1). Only one is at issue here. (See, LaCasse declaration).

In November, 2020 she decided to sell one of her properties, a single family house located at 5 Haggerty Hill Road in Rhinebeck, New York. This property is located in Dutchess County. When plaintiff LaCasse served a 60 day notice of non-renewal, her tenants stopped paying rent. She alleges they have violated numerous terms of the lease and have "caused extensive damage to the property including damage to the house's septic system, smoked, set fires, and permitted dogs on the property in violation of the lease terms." She also affirms that the police have been called to the property numerous times to respond to various incidents.[2] LaCasse filed a holdover proceeding in December, 2020 and it was dismissed by the court because she had not served the tenants with the hardship declaration.

---

[2] Arguably LaCasse's claims against her tenants would not be prohibited by CEEFPA since it appears her tenants are engaging in "ongoing nuisance activity."

(See, LaCasse declaration). Once her case was dismissed, [by the court] the tenants filed a hardship declaration form pursuant to CEEFPA. She makes no allegations with respect to any involvement with Sheriff Anderson or the Dutchess County Sheriff's Office ("DCSO"). She makes no claim that she presented a warrant of eviction to the DCSO and that it refused to serve the warrant, neither does she reference any other actions that the DCSO did or did not take at her behest that are related to CEEFPA. Significantly, her declaration is dated May 5, 2021, 2 days *after* she signed an affidavit in support of an order to show cause pending in Dutchess County Supreme Court for an order pursuant to CPLR §§3215(a) and 3215(f) finding that the defendants [her tenants] are in default on a summons and complaint served in March, 2021 and seeking an order from the court giving her immediate possession of the demised premises/real property located at Haggerty Hill Road in Rhinebeck. (A copy of the order to show cause and her affidavit are annexed to the Lee aff't. as Exhibit "A"). Even in that proceeding, there was no warrant of eviction issued and there is no allegation here that plaintiff LaCasse presented any warrant of eviction to the DCSO for execution. If she is granted the relief sought there, possession of the property would be immediately returned to her, and she would have a hearing on the issue of damages, thereby making her whole.

The remaining plaintiff's make no claims related to Sheriff Anderson and do not allege to own property within Dutchess County. Sheriff Anderson has no jurisdiction outside Dutchess County.

Significantly, the DCSO role with respect to evictions is simply to serve the warrant of eviction, whether under CEEFPA or pre-CEEFPA. A warrant of eviction is a court order, signed by a judge which directs the Sheriff's Office to put the petitioner/landlord into full possession of the premises. (Lee aff't., Exhibit "B"). Sergeant Grieb is assigned to the Civil Division of the DCSO and affirms that the DCSO does not issue warrants of eviction, neither

2581-227/dmf

do they have discretion with respect to the issuance of or execution of warrants of eviction. The DCSO does not apply for the warrant either, rather the warrant is signed by a judge and supplied to the DCSO by the landlord. The DCSO has not received any warrant from plaintiff LaCasse, or any other plaintiff for that matter. If the DCSO was provided with a valid warrant of eviction, signed by a judge, the warrant would be served as indicated. (Lee aff't., <u>Exhibit "B"</u>).

The DSCO had no role in the drafting or implementing the CEEFPA legislation, and it's mission is only to carry out the laws enacted by the Legislature. Sheriff Anderson does not make a determination as to the validity or constitutionality of State statutes and uniformly handles and serves judicially signed warrants as required by law. The DCSO exercises no discretion to serve or not serve a warrant. When the warrant is signed by the court, and conforms to the law, it is served.

### PLAINTIFFS ARE NOT ENTITLED TO A PRELIMINARY INJUNCTION

Plaintiffs moved by order to show cause for a preliminary injunction pursuant to Rule 65 of the F.R.Civ.P. against various defendants alleging that CEEFPA is unconstitutional for a variety of reasons including that it is compelled speech violating the First Amendment; void for vagueness and they challenge it on procedural due process grounds. Plaintiffs seek an order enjoining defendants from "implementing or enforcing Part A of the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020, as extended on May 4, 2021." (See, OTSC, Dkt. No. 7).

Under Rule 65, a preliminary injunction is appropriate if the moving party demonstrates "(a) irreparable harm; and (b) either (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them fair grounds for litigation and a balance of hardships tipping decidedly in its favor." <u>Genesee Brewing Co. v. Stroh</u>

Brewing Co., 124 F.3d 137 (2d Cir., 1997). The showing of irreparable harm is the "single most important pre-requisite for the issuance of a preliminary injunction." Mamiya Co. v. Masel Supply Co., 719 F.2d 42, 45 (2d Cir., 1983), and the movant must show that injury is likely before the other requirements for an injunction will be considered. Irreparable harm must be shown to be "likely and imminent, not remote and speculative," and the injury must be such that it cannot be fully remedied by monetary damages. NAACP v. Town of East Haven, 70 F.3d 219 (2d Cir., 1995); see also, JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir., 1990) (holding that "possibility" of harm is insufficient). Plaintiffs here cannot show irreparable harm or a likelihood of success on the merits.

  Additionally, the court has no jurisdiction over this claim related to Sheriff Anderson and since he is not a proper party to the lawsuit, no preliminary injunction should be issued against him or the DCSO. Leaving the issue of jurisdiction aside, the notion that plaintiffs will suffer and have suffered irreparable injury without a preliminary injunction is meritless when considered against the effect of the issuance of a preliminary injunction as demanded. Plaintiffs seek an order enjoining defendants from implementing or enforcing Part A of CEEFPA. The practical effect of this injunction would necessarily stay all evictions. CEEFPA permits evictions under certain circumstances where a hardship declaration is not provided or where there is evidence of a nuisance. Arguably, the irreparable harm they seek to avoid would be compounded if they get the injunction.

  There can be no showing of "imminent" injury, when the perceived injury is too remote and speculative as is the case here. Whether CEEFPA is invalidated does not assist the landlords in recovering the amounts owed to them, neither does it prevent them from seeking recovery of those funds; the injunction also would not permit them immediate entry to their property. In other words, there is no legitimate purpose for the injunction. It will not

"lift" the stay and the only practical effect would be to prohibit law enforcement from executing otherwise valid warrants of eviction while plaintiff's litigate the validity of the statute. Plaintiff's still have access to the courts, as evidenced by plaintiff LaCasse pending Supreme Court action, thus irreparable injury is not established. No "injury" has been established. Further, any "injury" can be fully remedied with money damages, which are almost all but certain when a tenant signs the hardship declaration:

> I understand that I must comply with all other lawful terms under my tenancy, lease agreement or similar contract. I further understand that lawful fees, penalties or interest for not having paid rent in full or met other financial obligations as required by my tenancy, lease agreement or similar contract may still be charged or collected and may result in a monetary judgment against me.

(See, Tenant's Declaration of Hardship During the COVID-19 Pandemic, included as Exhibt 1 to plaintiff's OTSC). Once signed by the tenant they are consenting to comply with the "other lawful terms" of the lease, and acknowledging they will owe fees, penalties and interest, making it hard for a tenant to dispute any amount owed in a subsequent proceeding.

The only provision of CEEFPA related to the Sheriff prohibits his office from executing a warrant if it does not comply with CEEFPA. The Sheriff did not issue warrants of eviction prior to CEEFPA and CEEFPA does not change the role of the Sheriff with respect to evictions. The purpose for the request for the injunction against the local Sheriff defendants is unclear. Warrants of eviction can still be signed [by the court], and as long as they conform with the law, like any other warrant, they will still be served. The practical effect of the injunction would prohibit the Sheriffs from executing a validly issued warrant. Plaintiffs simply cannot show irreparable injury with respect to their claims against Sheriff Anderson.

While they claim CEEFPA violates their First Amendment rights, there is no merit to any claim that the Sheriff violates their constitutional rights by serving a valid warrant of

2581-227/dmf

eviction issued by a court, the Sheriffs only role in the eviction proceeding. (Lee aff't., Exhibit "B"). The constitutionality of CEEFPA is not a claim properly made against the Sheriff, neither does it change the fact that Sheriff Anderson and the DCSO only serve warrants that are issued by the court. (Lee aff't., Exhibit "B").

**Likelihood of Success**

With respect to Sheriff Anderson, plaintiffs cannot demonstrate a likelihood of success. As alluded to above, Sheriff Anderson is not a proper party to this case and he anticipates the complaint being dismissed once the F.R.Civ.P. Rule 12(b)(6) motion is made. Without burdening the court with the merits of the 12(b)(6) motion on the instant application, the complaint does not state a cause of action against Sheriff Anderson. He is only referenced in one paragraph of the complaint, and is named in his official capacity because he "oversees the execution of eviction warrants in Dutchess County". (Dkt. 1, Cmplt., ¶22). The complaint purportedly asserts three causes of action against Sheriff Anderson for violating the First Amendment free speech clause in violation of 42 U.S.C. §1983 in that "defendants" are compelling plaintiffs to speak in a manner contrary to their convictions. The complaint's Second Cause of Action against the defendants alleges CEEFPA is void for vagueness and the Third Cause of Action sets for a challenge to CEEFPA on the basis of procedural due process grounds. Absent from the complaint are any allegations that Sheriff Anderson or the DCSO have enforced or failed to enforce, any of the provisions of CEEFPA.

Dutchess County is not named as a defendant, only its Sheriff is. It is well settled that a suit against the Sheriff in his official capacity is one against the municipality. See, e.g. Stancati v. Cnty. of Nassau, 2015 U.S. Dist. LEXIS 43802 (EDNY, 2015). To establish municipal liability, there must be a municipal custom or policy that caused the Constitutional violation. Here, there are no allegations of any policy or custom of the DCSO to act, or not

act, in violation of the plaintiff's rights. The sole basis of plaintiffs' claim against Sheriff Anderson appear to be that because he has the authority to enforce CEEFPA, which is somewhat of a misnomer, he is liable to the plaintiffs. He does not "enforce" CEEFPA in the traditional sense, rather, his department simply executes, or serves, warrants that are issued by the judicial branch. The Sheriff does not issue the warrant, or exercise any discretion or control over the issuance, or non-issuance. This complaint will fail against the Sheriff. Plaintiffs have not alleged any facts to support a valid underlying constitutional deprivation [by the County or the Sheriff], or any custom or policy and any claims against the County will not support a viable <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) claim. See, <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986) (observing that <u>Monell</u> liability does not lie where a municipality's officer does not inflict constitutional harm).

Sheriff Anderson had no role in the promulgation of CEEFPA and the fact the Sheriff is charged with the service of judicially issued warrants does not make him a viable defendant here. Neither does the simple fact that one plaintiff owns property in his jurisdiction create a viable cause of action.

Taking this case one step further, and highlighting the lack of a cause of action against him, if the Sheriff were to serve a warrant issued by a judge, he would be entitled to immunity for that action. Under <u>County Law</u> §650, "the sheriff shall perform the duties prescribed by law as an officer of the court and conservator of the peace within the county. He shall perform such additional and related duties as may be prescribed by law and directed by the board of supervisors or the county legislature." See, <u>County Law</u> §650. It is well settled that a duty of the Sheriff as an official of the court is to carry out the "mandates" of the court. See, CPLR §2223. An officer to whom a mandate is delivered to be executed shall execute the

mandate according to its command. A "mandate" includes a written direction of the court commanding that an act be done. See, e.g., Maldonado v. N.Y. County Sheriff, 2006 U.S. Dist. LEXIS 64391 (SDNY, 2006). This necessarily includes a warrant of eviction. When a sheriff executes a facially valid court order, he is afforded complete protection from liability for any proper act done in its execution. *Id. citing* Tornheim v. Eason, 363 F.Supp.2d 674 (SDNY, 2005). Further, it is not within the scope of a sheriff's authority to review or question the legality of a court mandate. *Id. citing* Deitz v. Mangano, 30 N.Y.S.2d 8, 9 (Sup. Ct., 1941). When a sheriff is presented with a mandate of the court he is: [not] bound to inquire into the proceeding leading up to the approval and the granting of [the] order and [is] justified as a ministerial officer, in obeying it according to its terms. To [do] otherwise may...render him liable as and for a contempt of court. [Nor does] he [have] the right to presume to act as a court of Appellate jurisdiction to review the determination of this court. *Id. citing* Lang v. Dreyer, 170 Misc. 107, 9 N.Y.S.2d 970, 973 (Sup. Ct., 1939). By serving a warrant of eviction, Sheriff Anderson would be protected from liability by quasi judicial immunity. Plaintiff's do not even claim here that they were denied the ability to have a warrant served by the Sheriff.

Here, there are no allegations that the Sheriff either complied or did not comply with a court order and the only harm alleged to the plaintiffs is speculative. Further, in the case of plaintiff LaCasse, she has pending a proceeding in Dutchess County Supreme Court against the tenant she seeks to evict. She has not presented any warrant of eviction to the DCSO, neither has the DCSO refused to serve any warrant on her behalf. (See, Lee aff't., Exhibit "B").

Plaintiffs efforts to challenge the constitutionality of the statute through the Sheriff whose only role is to serve judicially issued warrants, must fail. Plaintiffs have not suffered any injury in fact as the hands of Sheriff Anderson. In Vives v. City of New York, 524 F.3d

346 (2d Cir., 2008) plaintiff challenged the constitutionality of Penal Law §340.30(1) which provides that "a person is guilty of aggravated harassment in the second degree when, with the intent to harass, annoy, threaten or alarm another person, he or she...communicates with a person, anonymously, or otherwise, by...mail...in a manner likely to cause annoyance or alarm." See, Penal Law §240.30. Plaintiff sent a packet of press clippings and written statements to people of the Jewish faith with the intent to alarm them about current world events that had been prophesied in the Bible. He sent a packet to a candidate for lieutenant governor and was ultimately arrested for aggravated harassment. He sued the City, the two detectives who arrested him and the police commissioner alleging that his arrest and detention violated his First and Fourth Amendment rights. He sought damages and a declaration that Penal Law §240.30(1) is unconstitutional insofar as it prohibits merely "annoying or alarming" speech, and injunctive relief. As relevant here, the City moved for judgment pursuant to F.R.Civ.P. Rule 12(c) contending that Vives could not establish any City policy caused him harm because the Penal Law was enacted by the state legislature. The District Court denied this motion holding there was a dispositive difference between state statutes that a municipality is required to enforce and state statutes that a municipality is merely authorized to enforce. A municipality cannot be held liable for enforcing a mandatory state statute. *Id*. The plain language of CEEFPA shows it is "mandatory" and temporary. Sheriff Anderson is required to comply with this statute, there is no discretion contemplated by its plain language. The sheriffs are mandated by state law as to when a warrant of eviction can be served pursuant to CEEFPA. This is not akin to a Sheriff deciding that the Penal Law has been violated, or that a driver has failed to comply with a Vehicle & Traffic Law provision. Here you don't even get to the Sheriff without a warrant of eviction issued by a court. The municipality, or Sheriff here, cannot be held liable for the enforcement of this statute.

2581-227/dmf

Neither do plaintiffs claim any policy of the DCSO with respect to the enforcement or application of CEEFPA violates their First Amendment or other constitutional rights. Their attack is with respect to the constitutionality of the statute, not its enforcement, which again, does not implicate the Sheriff. Regardless, there is no stated cause of action against Sheriff Anderson with respect to the enforcement since it is not alleged that the DCSO has either properly or improperly enforced any of the provisions of CEEFPA. There is no justiciable controversy here between these parties. The plaintiffs' constitutional rights could not possibly have been violated by Sheriff Anderson under these facts. This is particularly true where plaintiff LaCasse has an action pending in Dutchess County Supreme Court, the outcome of which could make her "whole" and moot any claims for damages here.

It is hard to fathom the challenge to the constitutionality of this statute as being void for vagueness and violating plaintiffs' First Amendment and due process rights as against Sheriff Anderson who has no role here and the only involvement alleged is through "guidance" from the attorney general issued to law enforcement relating to the execution of warrants. This hardly is the basis for a claim against Sheriff Anderson.

The likelihood of success on the underlying merits of this claim against Sheriff Anderson is minimal. The complaint is likely to be dismissed against him on a F.R.Civ.P. Rule 12(b)(6) motion and therefore the preliminary injunction against him is unwarranted.

While it is not necessary to reach this issue on this application, CEEFPA des not violate any due process rights, neither should this court determine that it is void for vagueness, or violate any First Amendment rights. These issues are raised and more fully briefed by Defendant Marks. In the interest of judicial economy, those arguments will not be repeated here.

## CONCLUSION

For all of the foregoing reasons, plaintiffs' order to show cause for a preliminary injunction should be denied as against Sheriff Anderson because he is not a proper party to this lawsuit and because plaintiff cannot meet the most basic requirements for a preliminary injunction and cannot show the likelihood of success on any claims against Sheriff Anderson.

Dated: Poughkeepsie, New York
       May 21, 2021

*Kimberly Hunt Lee*
Kimberly Hunt Lee (0192)