# EXHIBIT 3



**STATE OF NEW YORK**
**UNIFIED COURT SYSTEM**

**111 Centre Street, Room 1240**
**New York, NY 10013**
**(646) 386-4200**

| | |
|---|---|
| **Lawrence K. Marks** | **George J. Silver** |
| **Chief Administrative Judge** | **Deputy Chief Administrative Judge** |
| | **New York City Courts** |

**Updated Operating Protocols**
**Effective May 24, 2021**

Effective May 24, 2021, the New York City Courts will return to full staffing at 100%. The health and well-being of judges, non-judicial staff, attorneys, jurors and members of the public will continue to be our top priority. To ensure for the safe return of all staff to courthouses across the City, plans have been developed in all of our buildings to protect the health and well-being of all personnel and court users. Anyone entering into any of our buildings will continue to be required to wear a face mask. Upon entry, temperature checks and other social screening tools will be in place. In all of our buildings, social distancing measures will continue to be in effect. Employees across the City will be reminded to allow for extra time each morning to account for temperature screening and the necessary reduction in elevator capacity.

The protocols enforced prior to entering our buildings are mirrored by effective facility planning once inside. As a continuation of preparations that have been underway for over a year, many offices have been repositioned to allow for proper social distancing on all waiting lines and at other points of public assembly. Enhanced cleaning protocols in courtrooms and other areas remains vigilant. Court managers and PPE Compliance Coordinators shall take steps to improve monitoring and compliance with all safety measures including social distancing at all times.

Below is a summary of the protocols being adopted in courthouses across the City to allow for a safe and effective return to full staffing levels on May 24, 2021.

A. **JUDICIAL STAFFING**

In general, judges and chambers staff throughout the City will continue to conduct the majority of their proceedings virtually while providing the option for a limited number of in-person proceedings in our courtrooms upon request or directive from the court.

Judges and their chambers staff shall hold all virtual proceedings from the courtroom. Indeed, even if the parties appearing for a virtual proceeding are remote, assigned judges and their staffs will conduct the appearance from the courtroom. In the event that multiple in-person proceedings are requested on the same day, calendar times will be staggered to avoid large crowds and to ensure that adequate staffing is available. In most courthouses, case scheduling orders will continue to be sent to parties electronically via New York State Courts Electronic Filing ("NYSCEF") upon the filing of a Request for Judicial Intervention ("RJI") and all conferences requested will be conducted virtually unless an in-person conference is requested by the parties and approved by the assigned judge or independently required by a directive issued by the assigned judge. In-person proceedings will only be conducted if it is safe to do so in accordance with social distancing protocols.

Any in-person proceedings should also be facilitated through consultation and coordination with the Supervising Judge or Administrative Judge within a particular courthouse.

B. **NON-JUDICIAL STAFFING**

All non-judicial staff will be physically reporting to work. We remain attentive to social distancing and other health concerns in all of our back offices. Staff seating will be adjusted to comply with social distancing and health concerns. Social distancing will also be enforced on all waiting lines and other points of public assembly. The Department of Citywide Administrative Services ("DCAS") will continue frequently enhanced cleaning of our courthouses.

C. **COURT PROCEEDINGS**

I.  CIVIL MATTERS

1. Civil Matters – Supreme Court, Civil Term – Generally

    In civil matters, pre-note of issue cases will be presumptively virtual or dealt with through the exchange of papers such as conference stipulations and orders. Preliminary and compliance conferences should be handled almost exclusively through the exchanges of conference orders and stipulations with the court unless circumstances necessitate the court's intervention and assistance through a virtual or in-person conference. In keeping with safety measures that have been adopted since the outset of the pandemic, our civil courts will not be conducting full calendars of in-person preliminary and status conferences.

    Post-note of issue civil matters will also be presumptively virtual, however, in-person proceedings in such cases may be appropriate as a case gets closer to trial and/or resolution.

2. Civil Jury Trials – Supreme Court, Civil Term

    In most courthouses across the City, we are currently calling in approximately five to ten cases a week for in-person jury trials. To maintain social distancing, it takes multiple courtrooms for each trial. Additional courtrooms will be used as overflow space to maintain social distancing for returning clerks and officers. We seek to maintain our current pace of juries. With regard to civil jury trials, priority should be given to trials where the parties consent to a summary jury trial.

3. Non-Jury Trials and Evidentiary Hearings– Supreme Court, Civil Term

    In general, non-jury trials and evidentiary hearings will continue to be held remotely, barring exceptional circumstances.

4. Motions– Supreme Court, Civil Term

    Virtual motion practice has been successful in our courthouses. Accordingly, courthouses will continue virtual motion practice, while allowing judges the option of hearing certain motions in-person, subject to the parties' consent, where warranted.

5. <u>Pre-Note of Issue Discovery – Supreme Court, Civil Term</u>

    Discovery orders and motion practice will continue to proceed by virtual conferencing. Judges will have the discretion to either direct in-person conferencing or permit said conferencing upon request.

6. <u>Post-Note of Issue General Trial Assignment Parts – Supreme Court, Civil Term</u>

    These parts have been equipped to conduct virtual and in-person proceedings. Calendars will be presumptively virtual, unless there is a particular reason that an in-person proceeding is deemed necessary.

7. <u>Occupancy</u>

    All courtroom occupancy shall be limited based on the size of the room. Courtroom occupancy shall not exceed levels that would prevent enforcement of social distancing measures. Courtroom occupancy levels should be discussed with the Supervising Judge or Administrative Judge within a particular courthouse.

8. <u>Surrogate's Court</u>

    In general, our courts will continue to conduct all hearings, conferences, motions, trials and proceedings before a Surrogate virtually. There will be no in-person appearances permitted for calendars unless the parties consent to the same and the Surrogate agrees or the Surrogate independently directs the same. Mostly, motions will be on submission, unless oral argument is requested. If oral argument is granted, argument will presumptively be heard remotely unless the parties consent to an in-person argument with the approval of the Surrogate or the Surrogate directs an in-person appearance. Our courts will determine priority for cases processed by considering a number of factors, including whether the decedent's death was related to COVID-19 exposure, the length of time any applicable deadline has been suspended or otherwise modified by Executive Order, and limitations in court facilities and staffing. Resources for self-represented litigants will continue to be available on the Court's website.

9. <u>Family Court</u>

    Courts will continue virtual and remote operations and permit in-person hybrid appearances as necessary on a case-by-case basis. Additionally, we will build upon the Supreme Court Pilot Project and expand it to include the referral of trial-ready cases to judges in other courts. In-person proceedings will be held in the following matters:
    - A petition for a temporary order of protection where the litigant (usually self-represented) does not have access to technology to connect remotely.
    - Other proceedings in which an unrepresented party or counsel is unable to connect remotely.
    - Upon request or at the direction of the court, other hearings or trials in which the court finds it necessary to conduct a hybrid appearance (one or more but not all participants appearing in person.)

10. <u>New York City Civil Court /Housing Matters</u>

New York City Civil Court Cases will generally proceed virtually. Indeed, the following types of cases will presumptively continue to proceed virtually: No Fault, Name Change. Housing cases are currently stayed by statute. Even so, nonpayment and HP proceedings have been successfully conferenced/settled virtually. When the stay on housing cases is lifted, these cases will require in-person appearances.

Illegal lockout cases have been, and will continue to be, held in-person. Only a limited number of virtual trials have been held to date. Most small claims cases are being processed through a virtual Alternative Dispute Resolution ("ADR") initiative that was started in 2020. Some 325(d) cases have been proceeding virtually. While each county differs in the number of 325(d) cases, all counties are endeavoring to provide a virtual option in these cases. If parties insist on an in-person proceeding in such cases, the court will utilize the method that would help dispose of these cases the fastest – first summary jury trial, then bench trial, and finally jury trial.

Consumer debt cases generally have not been proceeding virtually to date. We plan to conference a limited number of these cases in-person during this phase of reopening. While doing so, we will adhere to existing safety and social distancing protocols. Commercial landlord/tenant cases remain primarily stayed by statute through August 2021.

II. <u>CRIMINAL MATTERS</u>

1. <u>Criminal Jury Trials – Supreme Court, Criminal Term</u>

Most courthouses housing criminal parts are adopting the same procedures outlined above with respect to our civil jury trials. While we have been conducting limited in-person hearings and trials both bench and jury, most courthouses with criminal parts will continue to conduct most proceedings virtually. Based upon historic reluctance of the defense bar and prosecutors to consent to virtual hearings and trials, each court is preparing for in-person trials. With regard to criminal jury trials, priority will be given to incarcerated defendants.

2. <u>Non-Jury Trials and Evidentiary Hearings – Supreme Court, Criminal Term</u>

In general, non-jury trials and evidentiary hearings will continue to be held remotely, barring exceptional circumstances.

3. <u>Motions - Supreme Court, Criminal Term</u>

Virtual motion practice has been successful in our courthouses. Accordingly, courthouses will continue virtual motion practice, while allowing judges the option of hearing certain motions in-person, subject to the parties' consent, where warranted.

4. <u>Regular Calendar and Trial Parts</u>

   In regular calendar and trial parts, seminal proceedings will be presumptively in-person. These will include pleas, returns on warrants, hearings, trials, and sentencings. Cases on for control, motions, or general updates will be presumptively virtual.

5. <u>Criminal Arraignments</u>

   Arraignments on unindicted matters will continue to be conducted either in-person or virtually. In general, arraignments will be presumptively virtual for defendants who are at liberty. Matters involving incarcerated defendants will also continue to be held virtually, unless an in-person appearance is necessary as indicated below.

   A. <u>Day Arraignments</u>:
      - Bronx, Queens and Richmond Counties continue to conduct one virtual online day arraignment session each day.
      - Kings and New York Counties will operate two online day arraignment sessions each day (beginning late June).
         - AR1 will conduct in-person arraignments for primarily bail-eligible offenses.
         - AR2 will conduct virtual arraignments for primarily non-bail-eligible offenses.

   B. <u>Night Arraignments</u>:
      - Bronx, Kings, New York and Queens Counties will continue to conduct every night arraignment session virtually.

   C. <u>Weekend Arraignments</u>:
      - All counties shall continue to conduct one virtual online weekend day arraignment session.
      - If volume dictates, Kings and New York County Supervising Judges may request an in-person arraignment part during weekend nights in addition to the virtual part, beginning in late June.

   D. <u>Desk Appearance Ticket (DAT) Arraignments</u>
      - Our courts will continue to conduct a mix of in-person and virtual desk appearance ticket (DAT) arraignments.
      - Courts will also continue to schedule in-person (DAT) arraignments on those matters for which no defendant contact has been made. The number of DAT arraignments permitted to be scheduled each day will be controlled by the Administrative Judge and will incrementally increase as COVID metrics permit.

6. <u>Criminal Summonses</u>

   A. Courts will continue pre-arraignment defect, legal sufficiency and/or interest of justice reviews and, where appropriate, notify defendants their matters have been dismissed.

   B. Courts will continue calendaring virtual arraignment appearances for corporate defendants.

5

  C. Courts will start the process of contacting individual/non-corporate defendants to schedule virtual arraignments that survive judicial review.

  D. At the direction of the Administrative or Supervising Judge, individual summons matters may be scheduled for an in-person arraignment

7. <u>All Purpose Criminal Parts</u>

  A. All-purpose ("AP") parts will operate a hybrid calendar of virtual and in-person appearances.

  B. The Administrative Judge will offer continuing guidance on the maximum number of in-person appearances that each AP part may schedule each day. At the discretion of the Supervising Judge and Presiding Judge, each AP part will develop a daily schedule for calling in-person and virtual appearances. In-person appearances will be called at a time-certain, e.g., either at definite times throughout the day or using limited timeslots. Virtual appearances may be called throughout the day or during designated times. While the proportion of virtual to in-person appearances will depend on an individual calendar and the discretion of the individual judge, the anticipation is that most cases will be called by video appearances.

8. General Trial Assignment Criminal Parts

These parts have been equipped to conduct virtual and in-person proceedings. Trial assignment part ("TAP") calendars will be presumptively virtual, unless there is a particular reason that an in-person proceeding is deemed necessary (i.e. suppression hearing, guilty plea or sentence in sensitive or complicated cases where defendant is not detained and is being sentenced to jail, returns on warrants [voluntary or involuntary], bail applications, including those based upon defendant's alleged commission of a new felony, or alleged violation of an order of protection).

9. Other Specialized Criminal Parts

Other specialized criminal parts (Homicide, Special Victims) will be presumptively virtual, unless the court commences a trial or hearing within the part or there is a particular reason that an in-person proceeding is deemed necessary. Problem-solving parts (including IDV, Treatment Courts, Youth Court, Mental Health and Veteran's Court) will hear pleas, sentences, and matters involving significant compliance issues in-person. For instance, in IDV parts where interpreters are required for several parties or in contempt cases where jail is likely, in-person proceedings may be required. Other updates will be presumptively virtual.

10. <u>Felony Waiver Parts</u>

  A. Felony waiver parts will operate a hybrid calendar of virtual and in-person appearances.

  B. The Court will begin producing all CPL §180.80 defendants for in-person production and appearance.

6

    C. Subject to the discretion of the judge, cases that are awaiting grand jury action where the defendant is not in custody will be scheduled for virtual appearance or an in-person appearance with the defendant's appearance excused.

    D. Exceptions to this would include cases scheduled for plea or other disposition or where a change in securing order is possible or contemplated.

    E. The judge may require any non-custodial defendant to appear in-person, particularly those defendants charged with violent felony offenses or those subject to further review of their securing order, subject to caps imposed by the Administrative Judge.

11.    Occupancy

All courtroom occupancy shall be limited based on the size of the room. Courtroom occupancy shall not exceed levels that would prevent enforcement of social distancing measures. Courtroom occupancy levels should be discussed with the Supervising Judge or Administrative Judge within a particular courthouse.

The Department of Corrections has indicated that we need to cap daily in-person production of incarcerated defendants in each building depending on the capacity in the holding areas in each of the buildings.