**MANDATE**

# UNITED STATES COURT OF APPEALS
## FOR THE
### SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-one.

Before:   Jon O. Newman,
          José A. Cabranes,
          Richard C. Wesley,
                *Circuit Judges*.

_____

| | |
|---|---|
| Pantelis Chrysafis, Betty S. Cohen, Brandie LaCasse, Mudan Shi, Feng Zhou, | **JUDGMENT** |
| Plaintiffs - Appellants, | Docket Nos. 21-1493 |
| v. | |
| Lawrence K. Marks, in his official capacity as Chief Administrative Judge of the Courts of New York State, Adrian H. Anderson, in his official capacity as Sheriff of Dutchess County, New York, James Dzurenda, in his official capacity as Sheriff of Nassau County, New York, Joseph Fucito, in his official capacity as Sheriff of New York City, New York, Margaret Garnett, in her official capacity as Commissioner of New York City Department of Investigation, Caroline Tang-Alejandro, in her official capacity as Director, Bureau of Marshals, New York City Department of Investigation, | |
| Defendants - Appellees. | |

_____

The appeal in the above captioned case from a judgment and order of the United States District Court for the Eastern District of New York was argued on the district court's record and the parties' briefs. Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Plaintiff's due process claims are DISMISSED as moot, the district court's order and judgment are VACATED, and the cause is REMANDED for further proceedings consistent with this Court's opinion

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

For the Court:
Catherine O'Hagan Wolfe,
Clerk of Court

**MANDATE ISSUED ON 10/01/2021**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2021

Argued: September 21, 2021    Decided: September 29, 2021

Docket No. 21-1493

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PANTELIS CHRYSAFIS, BETTY S. COHEN, BRANDIE LACASSE, MUDAN SHI, FENG ZHOU,

PLAINTIFFS-APPELLANTS,

V.

LAWRENCE K. MARKS, in his official capacity as Chief Administrative Judge of the Courts of New York State, ADRIAN H. ANDERSON, in his official capacity as Sheriff of Dutchess County, New York, JAMES DZURENDA, in his official capacity as Sheriff of Nassau County, New York, JOSEPH FUCITO, in his official capacity as Sheriff of New York City, New York, MARGARET GARNETT, in her official capacity as Commissioner of New York City Department of Investigation, CAROLINE TANG-ALEJANDRO, in her official capacity as Director, Bureau of Marshals, New York City Department of Investigation,

DEFENDANTS - APPELLEES.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, CABRANES, and WESLEY, *Circuit Judges*.

---

[1] The Clerk is directed to change the official caption as above.

Appeal from a judgment and an order denying a preliminary injunction in a lawsuit challenging Part A of New York's eviction moratorium statute, the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (CEEFPA), 2020 N.Y. Laws Ch. 381. The Plaintiffs-Appellants also attempt to challenge Subpart A of Part C of 2021 N.Y. Laws Ch. 417 (S50001), enacted on Sept. 1, 2021 and seek an injunction to prevent enforcement of S50001 pending appeal.

Due Process claims dismissed as moot; injunction denied for lack of jurisdiction; judgment vacated and remanded with leave to replead.

>     Randy M. Mastro, New York, NY (Akiva Shapiro, Jessica Benvenisty, William J. Moccia, Lauren Myers, Gibson, Dunn & Crutcher LLP, New York, NY, on the brief), for Plaintiffs-Appellants Pantelis Chrysafis, Betty S. Cohen, Brandie LaCasse, Mudan Shi, Feng Zhou, and Rent Stabilization Association of N.Y.C., Inc.
>
>     Steven C. Wu, Deputy Solicitor General, New York, NY (Letitia James, Attorney General, Barbara D. Underwood, Solicitor General, Judith N. Vale, Assistant Deputy Solicitor General, Linda Fang, Assistant Solicitor General of Counsel, New York State Office of the Attorney General, New York, NY, on the brief), for Defendant-Appellee Lawrence K. Marks.

>(Edward Josephson, Roland Nimis, Legal Services NYC, New York, NY, Judith Goldiner, Ellen Davidson, Amber Marshall, The Legal Aid Society, New York, NY, for *amicus curiae* Housing Court Answers and Make the Road NY, in support of Defendants-Appellees.)

JON O. NEWMAN, *Circuit Judge*:

This appeal concerns a challenge to Part A ("Part A 2020") of New York's residential eviction moratorium statute, the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 ("CEEFPA"), 2020 N.Y. Laws Ch. 381, and an attempt to challenge the new residential eviction moratorium, which is Subpart A of Part C ("Subpart C(A) 2021") of 2021 N.Y. Laws Ch. 417 (S50001), enacted on Sept. 1, 2021, after several provisions of the old moratorium statute expired on Aug. 31, 2021. Part A 2020, § 13. Plaintiffs-Appellants Pantelis Chrysafis and four other landlords ("Landlords") appeal from the June 14, 2021, judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, District Judge), dismissing, after a hearing, their complaint against Defendants-Appellees Lawrence K. Marks, in his official capacity as Chief Administrative Judge of the

3

Courts of New York State and other public officials ("State Officials").[2] *Chrysafis v. Marks*, No. 21-cv-2516 (GRB), 2021 WL 2405802 (E.D.N.Y. June 11, 2021) ("*Chrysafis Dist. Ct.*"). The Landlords also appeal from the District Court's June 11, 2021, order, denying their motion for a preliminary injunction.

The principal issue is whether the Landlords' due process claims are moot, an issue that turns primarily on whether the new statute remedies the defect in the expired provisions of the old statute that the Supreme Court identified when the Court enjoined enforcement of Part A 2020 of the earlier statute, *Chrysafis v. Marks*, No. 21A8, 2021 WL 3560766 (U.S. Aug. 12, 2021) ("*Chrysafis U.S.*").[3]

The pending challenge has two procedural components, as a result of the parties' conflicting claims. The Landlords ask us to enjoin enforcement of Subpart C(A) 2021 on the ground that it does not remedy the defect in Part A 2020 of CEEFPA, but is merely a continuation of the previous statute, which, they contend, remains subject to the Supreme Court's injunction. Second, The State Officials ask us to dismiss the appeal as moot primarily on the grounds that the challenged

---

[2] The Rent Stabilization Association of New York City, Inc., was a plaintiff in the District Court, but was dismissed for lack of standing. *See* State Officials' Memorandum of Law in opposition to Landlords' Emergency Motion 1 n.1. The dismissal ruling has not been challenged on this appeal.

[3] The Supreme Court enjoined Part A 2020 of CEEFPA "pending disposition of the appeal in the United States Court of Appeals for the Second Circuit and disposition of the petition for a writ of certiorari, if such writ is timely sought." *Chrysafis U.S.*, 2021 WL 3560766, before *1.

4

provisions of the old statute have expired, Subpart C(A) 2021 does remedy the defect in that statute identified by the Supreme Court, and any challenge to the new provisions of the new statute must be brought in a new lawsuit in the District Court.

We conclude that Plaintiffs' due process claims are moot, that we should dismiss them, and, as explained below, that we should remand the entire case to the District Court. With the appeal remanded, we lack jurisdiction to enjoin enforcement of Subpart C(A) 2021 of the new statute and therefore deny the motion to enjoin its enforcement. However, clearly in this case the "mootness is attributable to a change in the legal framework," *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 482, (1990), and Plaintiffs "may wish to amend their complaint so as to demonstrate that the repealed statute retains some continuing force or to attack the newly enacted legislation," *Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.*, 404 U.S. 412, 415, (1972). We therefore vacate the judgment of the District Court and remand the case to the District Court with leave for the Plaintiffs to amend their pleadings and assert claims challenging the new statute. See *id.*; *Continental Bank Corp.*, 494 U.S. at 482, *Lamar Advertising of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 379–80 (2d Cir. 2004).

Background

CEEFPA was enacted on Dec. 28, 2020. The Landlords filed their complaint on May 6, 2021 (all dates hereafter are to 2021). The complaint alleged that Part A 2020 of CEEFPA (1) violated their First Amendment rights by compelling them to distribute to tenants forms for a declaration of hardship, (2) was unconstitutionally vague because the categories of hardship were ill-defined, (3) violated their right to procedural due process because they lacked an opportunity to dispute a hardship declaration and (4) violated their First Amendment right to petition by prohibiting the filing of eviction proceedings until Aug. 31. The Plaintiffs-Appellants sought a preliminary injunction on May 7.

The District Court held a hearing on the request for an injunction on June 1. Thereafter the parties essentially accepted the Court's suggestion that the injunction request could be combined with the merits, and agreed that the June 1 hearing record sufficed for a merits decision.

On June 11, the District Court filed an opinion denying the Landlords' motion for a preliminary injunction to prevent enforcement of Part A 2020 and ordering that judgment enter in favor of the Defendants-Appellants. *Chrysafis Dist. Ct.* Judgment was entered on June 14. On the same day, the Landlords sought an injunction

pending appeal, which the District Court denied on June 16. After filing a notice of appeal, the Landlords, on June 18, sought from this Court an order expediting the appeal and an injunction pending appeal to prevent enforcement of the COVID-19 Emergency Eviction Moratorium Act of 2020. On June 26, this Court denied the motion for an injunction pending appeal.

On August 12, the Supreme Court enjoined enforcement of Part A 2020. *Chrysafis U.S.*

Although the motion to expedite the appeal in this Court was not formally ruled on, counsel were notified on August 30 that the appeal would be heard on September 21.

On August 31, Part A 2020 expired pursuant to the terms of CEEFPA § 13. On September 1, the New York legislature enacted a new eviction moratorium statute, 2021 New York Laws Ch. 417 (S50001). Subpart C(A) 2021 of the new statute contains some language from the expired portions of Part A 2020 of the old statute and some new language not contained in the old statute.

On September 9, the Landlords filed in this Court a motion to enjoin enforcement of Subpart C(A) 2021. After hearing the appeal on September 21, we

7

reserved decision on both the appeal and the Landlords' motion to enjoin enforcement of Subpart C(A) 2021.

## Discussion

We begin our consideration of the two claims before us by focusing on what the Supreme Court wrote when it issued the injunction pending appeal. The Court explained its ruling as follows: "If a tenant self-certifies financial hardship, Part A of CEEFPA generally precludes a landlord from contesting that certification and denies the landlord a hearing." *Chrysafis U.S.*, 2021 WL 3560766, at *1. "This scheme," the Court concluded, was not "consistent with the Due Process Clause." *Id*.[4]

The issue that the parties primarily contest on this appeal is whether the new language in Subpart C(A) 2021 that S50001 added to the moratorium statute, remedies the due process violation identified by the Supreme Court.[5] Under

---

[4] The Court also noted that it was not enjoining enforcement of the Tenant Safe Harbor Act (TSHA), which the Landlords had not challenged. Under TSHA, the Court observed, "If the [housing] court finds the tenant 'has suffered a financial hardship' during a statutorily-prescribed period, then it 'shall [not] issue a warrant of eviction or judgment of possession.'" *Chrysafis U.S.*, 2021 WL 3560766, at *1 (citing TSHA § 2(1)) (second brackets in original). TSHA is not challenged in the pending appeal.

[5] S50001 also omits from Part A 2020 of CEEFPA provisions for automatic stays, CEEFPA, Part A, § 2, an obligation for landlords in some circumstances to translate a tenant's hardship declaration into the tenant's primary language, *id*. § 3, and a prohibition on initiating eviction proceedings, *id*. § 4. The State Officers point to these omissions as additional reasons why the challenge to the old statute is moot.

8

CEEFPA, Part A 2020, once a tenant filed a "declaration of hardship" indicating an inability to pay rent,[6] the housing court was prohibited from initiating an eviction proceeding against the tenant and required to stay any pending eviction proceedings. Under S50001, after a tenant files a hardship declaration, Subpart C(A) 2021 provides that a landlord may file an affidavit attesting that the landlord "believes in good faith that the hardship certified in the hardship declaration does not exist." Subpart C(A) 2021 § 3(1)(c). Subpart C(A) 2021 also provides that a tenant must be given a notice stating, in capital letters, the following:

> IF YOUR LANDLORD MOVES TO CHALLENGE YOUR HARDSHIP CLAIM, YOU ARE ENTITLED TO A HEARING. IF THE COURT RULES YOUR HARDSHIP CLAIM INVALID AFTER THE HEARING, THE LAWSUIT MAY PROCEED TOWARD POSSIBLE EVICTION, BUT UNLESS AND UNTIL THE COURT ISSUES AN EVICTION WARRANT AGAINST YOU, YOU MAY NOT BE EVICTED.

*Id*. § 2. Subpart C(A) 2021 also provides that:

> Notwithstanding any other provision of this act, a stay under this act shall be granted or continued unless the court finds the respondent's hardship claim invalid. A motion may be made by the petitioner, attesting a good faith belief that the respondent has not experienced a hardship, with notice to the respondent, and the court shall grant a hearing to determine whether to find the respondent's hardship claim invalid.

---

[6] CEEFPA, Part A 2020, § 1(4)(A). The tenant can also claim hardship based on COVID-19 related health risks stemming from eviction. *Id.* § 1(4)(B).

9

*Id*. § 10(a). Finally, Subpart C(A) 2021 provides that "[a]fter a hearing, if the court finds the [tenant's] hardship claim invalid, the proceedings shall continue to a determination on the merits." *Id*. § 10(c).

The State Officials contend that a landlord's opportunity to (a) dispute a tenant's hardship declaration, (b) obtain a hearing on whether the hardship claim is valid, and, (c) if the claim is determined to be invalid, proceed with a hearing on the merits of eviction proceeding remedy the due process violation identified by the Supreme Court.[7] The State Officials also point out that Subpart C(A) 2021 omits from Part A 2020 of the CEEFPA provisions for automatic stays, CEEFPA, Part A, § 2, an obligation for landlords in some circumstances to translate a tenant's hardship declaration into the tenant's primary language, *id*., § 3, and a prohibition on initiating eviction proceedings, *id*. § 4. The State Officials point to these omissions as additional reasons why the challenge to the old statute is moot.

The Landlords contend the procedures in Subpart C(A) 2021 are deficient for several reasons. First, they allege that they have an inadequate opportunity to dispute a hardship claim and thereby obtain a hearing because a tenant is not required to specify the precise grounds for the claim of hardship. Furthermore, they

---

[7] The State Officials represented at oral argument that landlords will encounter no difficulty obtaining a hearing to dispute a tenant's declaration of hardship.

10

contend, landlords can obtain a hearing only by swearing under penalty of perjury that they have a good faith belief that the hardship claim is invalid, and they lack an opportunity, prior to a hearing, to elicit information from a tenant to support their good faith belief.

The threshold issue for us is whether the appeal is moot. Our Court has previously stated, "Constitutional challenges to statutes are routinely found moot when a statute is amended." *Cuomo v. U.S. Dept. of Transportation*, 981 F.2d 50, 61 (2d Cir. 1992). The argument for mootness would seem to be even stronger when the challenged statute has expired and a new statute, endeavoring to remedy the defect of the old one, has been enacted.

Of course, an appeal challenging a statute does not become moot if it is "replac[ed] with one that differs only in some insignificant respect." *Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656, 662 (1993).[8] And "a claim will not be found moot if the defendant's change in conduct is merely superficial or . . . suffers from similar infirmities as it did at the

---

[8] The Supreme Court pointed out in *Northeastern Florida Chapter* that the new ordinance "disadvantaged [the plaintiffs] in the same fundamental way" as the ordinance it replaced. 508 U.S. at 662. That is not the situation with respect to Subpart C(A) 2021. With that subpart's addition of an opportunity for the Landlords to obtain a hearing to challenge a tenant's hardship declaration and other changes made by the subpart, the Landlords are no longer disadvantaged "in the same fundamental way" as they were under Part A 2020.

11

outset." *American Freedom Defense Initiative v. Metropolitan Transportation Authority*, 815 F.3d 105, 109 (2d Cir. 2016) (internal quotation marks omitted). But the pending case does not concern statutory provisions replaced by those making insignificant changes or an administrator's superficial change in conduct. It concerns a state legislature's enactment of a new law, which legislators, aware of the defect identified by the Supreme Court, *see* S50001, § 1, ¶ 3, explicitly sought to remedy, *see id*. ¶ 5. The attempt to challenge the new provisions of S50001 "present a substantially different controversy from the one that existed" when the Supreme Court enjoined enforcement of Part A of CEEFPA. *Lamar Advertising of Penn, LLC v. Town of Orchard Park*, 356 F.3d 365, 378 (2d Cir. 2004) (internal quotation marks omitted).

The Supreme Court encountered a somewhat similar situation in *Fusari v. Steinberg*, 419 U.S. 379 (1975). While a court challenge to Connecticut's procedure for awarding unemployment compensation benefits was pending, the state legislature amended the procedure to improve it. The Supreme Court, though not ruling that the new law absolutely remedied the defects that the District Court had noted concerning the old law, concluded, "Both the statutory and constitutional questions [raised by the plaintiffs] are significantly affected" by one of the changes

12

in the new law. *Id.* at 387. The Court further said, "We can only speculate how the new system might operate." *Id*. at 388-89. Thus, the mere possibility that the new law would remedy the defects in the old law was enough for the Court to remand the case "for reconsideration in light of the intervening changes in the Connecticut law." *Id*. at 390. The Court has employed a similar practice in other instances where an intervening statutory change has mooted certain claims, but left open the possibility that new and related claims might arise under the new statutory scheme. *See New York State Rifle & Pistol Assn. v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (after licensing statute amended, Court vacated appealed decision, remanded, and "[did] not decide [the plaintiffs'] dispute about the new rule"); *Continental Bank Corp.*, 494 U.S. 472, 482, (vacating and remanding "where the mootness is attributable to a change in the legal framework governing the case, and where the plaintiff may have some residual claim under the new framework"); *Diffenderfer*, 404 U.S. at 414-15 (after statute repealed, Court vacated appealed judgment and remanded for plaintiffs to "amend their complaint so as to demonstrate that the repealed statute retains some continuing force or to attack the newly enacted legislation").

13

In this case, we cannot be certain how the new procedures in Subpart C(A) 2021 will be implemented in practice in the state courts or what administrative steps the Chief Administrative Judge of those courts might think are necessary, if any, to mitigate the alleged due process deficiencies in those procedures.

But we do not think we should undertake to rule on those matters definitively on this appeal, which is nominally a challenge to the expired provisions of the old statute but is realistically an attempt to challenge the new statute. State Officials represented at oral argument that landlords *will* have access to a prompt and meaningful process to contest tenants' hardship declarations before a court, as required by Subpart C(A) 2021 § 10. A hearing in a District Court proceeding will provide an opportunity to clarify how the new statute will be implemented, thereby creating the basis for an informed appellate ruling as to a due process claim in the event of a subsequent appeal. These considerations, as well as the fundamental fact that the pending appeal is from a judgment challenging expired provisions of the old statute, lead us to conclude that the Landlords' due process claim is moot.

That conclusion leaves for consideration the Landlords' First Amendment (compelled speech and Petition Clause) and void-for-vagueness claims. As to these claims, we first consider their argument that the Supreme Court's injunction ruling

14

prohibiting enforcement of CEEFPA, Part A 2020, in effect operates to prohibit enforcement of Subpart C(A) 2021, including the provisions retained from Part A 2020 of CEEFPA that are challenged on First Amendment and vagueness grounds.

We disagree. First, the Supreme Court's ruling was issued before the enactment of S50001, which contains Subpart C(A) 2021, and could not prohibit enforcement of a statute not then enacted. What the Landlords are really claiming is that because, in their view, the provisions of the new law are similar to the expired provisions of the old law, we should infer from the Supreme Court's order that the Court would want us to enjoin enforcement of all provisions of the new law.

With respect to the old law, the Supreme Court's order is subject to two inferences. On the one hand, as the State Officials point out, the Court's explicit reference to the due process defect stemming from lack of a hearing to challenge a tenant's hardship declaration and the absence of any reference to First Amendment and vagueness challenges supports an inference that the Court thought that only the due process claim had a sufficient probability of success to warrant an injunction. That inference gains some strength from the explicit reference in Justice Breyer's dissent to the First Amendment claim, noting "persuasive arguments" that CEEFPA "requires only the dissemination of purely factual and uncontroversial

15

information in the context of commercial speech and is therefore authorized by our precedents." Chrysafis U.S., 2021 WL 3560076, at *2 (Breyer, J., with whom Sotomayor and Kagan, JJ, join, dissenting).

We think the State Officials have the better of the argument on the proper understanding of the Supreme Court's ruling. It is not likely that the Court thought the First Amendment and vagueness claims had sufficient probability of success to warrant an injunction in the absence of any mention of those claims.[9]

The next issue with respect to the Landlords' First Amendment and vagueness claims is whether we should adjudicate them on this appeal or defer consideration until we encounter those claims on a new appeal, if filed, from a judgment on claims specifically challenging Subpart C(A) 2021. Taking our cue from the Supreme Court, we also decline to say anything at this point about these claims, letting the mootness of the due process claim return the entire lawsuit back to the

---

[9] We note that even though the Landlords' pending due process claims are moot, the Supreme Court's injunction as to CEEFPA, Part A 2020, remains operative because it was ordered "pending disposition of the appeal in the United States Court of Appeals for the Second Circuit and disposition of the petition for a writ of certiorari, if such writ is timely sought." *Chrysafis U.S.*, 2021 WL 3560087, before *1. However, nothing in the Supreme Court's injunction or in our ruling prevents eviction proceedings from being initiated or continued pursuant to the provisions of Subpart C(A) 2021. To the extent, if any, that a new or continued eviction proceeding encounters objections arising from language in Part A 2020 of CEEFPA that is retained in Subpart C(A) 2021, whether those objections are based on the Supreme Court's injunction or any other ground, those objections remain for adjudication in the first instance in the Housing Court or in the District Court, once the precise implementation of Subpart C(A) 2021 has been clarified.

16

District Court for repleading or such further steps in the District Court and elsewhere as the Plaintiffs-Appellants may choose to take.

Conclusion

For all of the reasons set forth above, we dismiss the Plaintiffs' due process claims as moot. Pursuant to *U.S. v. Munsingwear*, 340 U.S. 36, 39 (1950), we vacate the District Court's order and judgment, and remand to the District Court for further proceedings, with leave for the parties to amend their pleadings and for reconsideration in light of the intervening changes in New York law. With our jurisdiction over the appeal terminated by our remand, we deny the Landlords' motion to enjoin enforcement of Subpart C(A) 2021 pending appeal for lack of jurisdiction. The mandate will issue 48 hours after the filing of this opinion. In the event of a subsequent appeal of a District Court ruling concerning Subpart C(A) 2021, the appeal will be referred to this panel.