

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES  
SUFFOLK REGIONAL OFFICE

October 19, 2021

**Via ECF**
The Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

      Re: *Chrysafis v. Marks,* No. 2:21-cv-2516 (E.D.N.Y.) (GRB) (AYS)

Dear Judge Brown:

      I submit this letter on behalf of defendant Lawrence K. Marks with regard to the letter filed this evening by plaintiffs' counsel, requesting on consent November 8, 2021 as a hearing date for plaintiffs' application for preliminary injunctive relief, as well as suggesting both an alternate hearing date as well as a mode of proceeding during the hearing, neither of which have been consented to by defendant.

      While I had requested November 5 as a possible date, that was for oral argument only, and was suggested prior to the Court's Order of yesterday's date, directing that "[c]ounsel should be prepared to argue this matter in person as well as to present witness testimony for any evidentiary matters they wish to establish." Given the potential necessity of arranging for witnesses to appear from various parts of the State, we respectfully request November 9 or 10 as an alternative, should the Court be unavailable on the 8th.

      Additionally, plaintiffs have announced their intention to proceed by asking "that the Court treat the prior preliminary injunction record as part of the record on this application" and "accept witness declarations from both sides as the witnesses' direct testimony". Certainly, prior proceedings in this action are under submission and, with regard to plaintiffs' testimony in light of the new Covid-19 Emergency Eviction and Foreclosure Act ("CEEFPA"), are available for the Court's consideration for whatever limited worth they have concerning the new law.

      With regard to plaintiffs' counsel's request that the Court accept witness declarations from both sides as the witnesses' direct testimony and, if the Court or the other side wishes to ask questions of the witness or cross-examine, then the witness will be produced at the hearing for a short direct examination and for questioning, while we do understand that is how plaintiffs wish to proceed, Defendant neither agrees nor

consents to their proposal. Defendant respectfully submits that if the plaintiffs are to be made available for inquiry by the Court and for cross-examination, there is little reason they cannot submit their testimony by direct examination before this Court, especially given the Court's Order that counsel "present witness testimony for any evidentiary matters they wish to establish".[1]

Thank you for your consideration of this matter.

Very truly yours,

*Susan M. Connolly*

SUSAN M. CONNOLLY
Assistant Attorney General

cc: Counsel for plaintiffs via ECF

---

[1] Notably, those declarations would not be admissible at a trial on the merits. F.R.C.P. 65(a)(2).