# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

October 19, 2021

<u>VIA ECF</u>

The Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza, Courtroom 840
Central Islip, New York 11722

Re:    *Chrysafis et al. v. Marks et al.*, No. 2:21-cv-02516-GRB-AYS

Dear Judge Brown:

I am compelled to respond briefly to the State's counsel's letter of tonight.

As this Court directed, the parties' counsel "met and conferred," and agreed to a briefing schedule and proposed hearing date of November 8 if the Court is able to accommodate us on that date. Despite having previously informed this Court by letter that she was available for a hearing on November 5, the State's counsel now refuses to consent to that date, claiming that "the potential necessity of arranging for witnesses to appear" makes November 9 and 10 preferable, without actually claiming that its witnesses are not available on November 5. I, in turn, am unable to consent to her alternative proposed hearing dates of November 9 or 10: One of our witnesses is unavailable on the 9th, and we are understandably concerned about further delay.

As for calling witnesses live, to conserve judicial resources and expedite the resolution of this emergency application, I have proposed an approach that, in my experience, many judges prefer at bench trials—namely, that witness declarations on both sides constitute the witness's direct testimony at trial and, then, to the extent either side wants to cross-examine any of the other side's witnesses, the witnesses would have to be made available live for further examination. The State's counsel responded to me that she understood what we were proposing and took no position. I was therefore shocked to see her letter of tonight. Of course, on a preliminary injunction application, the Court is free to consider declarations and put in place procedures that expedite the proceedings and conserve judicial resources. Under the proposal I have made, the State's counsel is still free to examine any of our declarants, so no party will be prejudiced in any way. But given the limited cross-examination done at the first hearing, I have respectfully suggested this approach.

As always, we appreciate the Court's consideration.

Respectfully,

*/s/ Randy M. Mastro*
Randy M. Mastro

cc: All counsel of record (via ECF)