UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PANTELIS CHRYSAFIS, BETTY COHEN, BRANDIE LACASSE, MUDAN SHI, FENG ZHOU, and RENT STABILIZATION ASSOCIATION OF NYC, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LAWRENCE K. MARKS, IN HIS OFFICIAL CAPACITY AS CHIEF ADMINISTRATIVE JUDGE OF THE COURTS OF NEW YORK STATE, ADRIAN H. ANDERSON, IN HIS OFFICIAL CAPACITY AS SHERIFF OF DUTCHESS COUNTY, NEW YORK, JAMES DZURENDA, IN HIS OFFICIAL CAPACITY AS SHERIFF OF NASSAU COUNTY, NEW YORK, JOSEPH FUCITO, IN HIS OFFICIAL CAPACITY AS SHERIFF OF NEW YORK CITY, NEW YORK, MARGARET GARNETT, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF NEW YORK CITY DEPARTMENT OF INVESTIGATION, CAROLINE TANG-ALEJANDRO, IN HER OFFICIAL CAPACITY AS DIRECTOR, BUREAU OF MARSHALS, NEW YORK CITY DEPARTMENT OF INVESTIGATIONS, <br><br> Defendants. | Case No. 21-cv-2516 |

**MOTION IN SUPPORT OF HOUSING COURT ANSWERS AND MAKE THE ROAD NEW YORK'S MOTION TO INTERVENE**

THE LEGAL AID SOCIETY
Judith Goldiner, Esq., Attorney in Charge,
Civil Law Reform Unit
Edward Josephson, Esq.
Ellen Davidson, Esq.
Caryn Schreiber, Esq.
199 Water Street
New York, NY 10038
Tel: 212-577-3332
jgoldiner@legal-aid.org

LEGAL SERVICES NYC
Roland Nimis, Esq.
Nicole Kalum, Esq.
40 Worth Street, Suite 606
New York, NY 10013
Tel: (646) 442-3600
rnimis@lsnyc.org

*Attorneys for Proposed Intervenors Housing Court Answers and Make the Road New York*

Housing Court Answers ("HCA") and Make the Road New York ("MTRNY") ("Proposed Intervenors") respectfully move to intervene in the above-captioned case.

Pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(b). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Intervention should generally be permitted where the anticipated defense for which intervention is sought raises a common question of law or fact with the main action. *Id.*; *Bldg. & Realty Inst. Of Westchester and Putnam Ctys., Inc. v. State of New York*, No. 19-CV-11285, 2020 WL 5658703, at *9 (S.D.N.Y. Sept. 23, 2020), quoting *United States v. N.Y.C. Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018).

Proposed Intervenors timely move to intervene and their defenses share common questions with the main action. First, HCA and MTRNY move to intervene at an early stage of this Action: only weeks following the Action's remand to this Court. Additionally, Plaintiffs filed amended pleadings only eleven days prior to this motion and, thus, this Action is in its infancy. This motion is filed before substantive motions by the original parties have been heard, and before November 1, 2021, the date on which Defendants' opposition to Plaintiff's motion is due. Permitting Proposed Intervenors' motion will not unduly delay or otherwise prejudice the original parties' rights as Proposed Intervenors are prepared to submit responsive pleadings on the same schedule as Defendants, requiring no delay.

Second, Proposed Intervenors' defenses share common questions of law and fact with the main action. Indeed, they filed an amicus brief earlier in this Action. They now seek to intervene and present additional, valuable testimony in the upcoming evidentiary hearing showing that

landlords are filing challenges to tenant declarations and local courts are granting hearings to determine the validity of claimed hardships. Proposed Intervenors are prominent non-profit organizations that promote housing justice and serve low-income tenants throughout the state of New York who would be at imminent risk of eviction if Subpart A of Part C of the New York State Legislature's new eviction moratorium (Subpart C(A)) of 2021 N.Y. Laws Ch. 417) were found to be unconstitutional. HCA provides legal information to *pro se* litigants in New York City Housing Courts through tabling and a telephone hotline. MTRNY works to increase the power of Latino and working-class communities including by providing legal services for tenants to prevent eviction, advocating for housing justice, and training tenants on their housing rights. Proposed Intervenors' clients or members are in the class of persons who would be most affected by the outcome of this action: low-income New York tenants and families who are facing financial hardship due to the COVID-19 pandemic and/or who would have a heightened risk of severe illness or death from COVID-19.

Contrary to Plaintiffs' due process claims, Proposed Intervenors submit court records and declarations that clearly show numerous landlords have already filed motions challenging the merits of their tenants' hardship declarations under the new statute. As shown by the motions and court rulings attached to Proposed Intervenors' declarations, landlords have not hesitated to file motions under the new statute. Regardless of the level of factual support set forth by the landlords, the courts have calendared the landlord's motions, and in some cases scheduled hearings on the merits of the tenants' hardship claims. Considering Plaintiffs' Amended Complaint was filed only six weeks after the amendment of the State statute, and that there has been little time for motions to be briefed or scheduled, there is already a remarkable amount of evidence to establish the utter

3

hollowness of Plaintiffs' claims. As further detailed in the Proposed Intervenors' memorandum of law, Plaintiffs fail to show that the statute has deprived them of their constitutional rights.

Granting this motion will not delay this Action because this motion has been filed before Defendant's opposition to Plaintiff's motion for a preliminary injunction is due and Plaintiffs can respond to the brief within the original briefing schedule.

Filed separately in support of this motion are a Memorandum of Law in support of this motion and a Declaration from each Proposed Intervenor setting forth facts upon which this motion is based.

For the forgoing reasons, HCA and MTRNY respectfully request that the Court grant their motion to intervene.

Respectfully submitted this 26th day of October, 2021.

/s/ Judith Goldiner
THE LEGAL AID SOCIETY
Judith Goldiner, Esq. Attorney in Charge, Civil
Law Reform Unit
Edward Josephson, Esq.
Ellen Davidson, Esq.
Caryn Schreiber, Esq.
199 Water Street
New York, NY 10038
Tel: 212-577-3332
jgoldiner@legal-aid.org

/s/ Roland Nimis
LEGAL SERVICES NYC
Roland Nimis, Esq.
Nicole Kalum, Esq.
40 Worth Street, Suite 606
New York, NY 10013
Tel: (646) 442-3600
rnimis@lsnyc.org

*Attorneys for Proposed Intervenors Housing Court Answers and Make the Road New York*