2581-227/dmf

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

PANTELIS CHRYSAFIS, BETTY COHEN, BRANDIE
LACASSE, MUDAN SHI, FENG ZHOU, and RENT
STABILIZATION ASSOCIATION OF NYC, INC.,

                                                     2:21-cv-02516(GRB)(AYS)

                    Plaintiffs,

     -against-

LAWRENCE K. MARKS, in his official capacity as Chief
Administrative Judge of the Courts of New York State,

                    Defendant.
------------------------------------------------------------------------x

---

## MEMORANDUM OF LAW IN RESPONSE TO
## THE COURT ORDER DATED OCTOBER 18, 2021

---

                    McCABE & MACK LLP
                    Kimberly Hunt Lee
                    *Attorneys for Defendant Adrian H. Anderson*
                    63 Washington Street
                    P.O. Box 509
                    Poughkeepsie, NY 12602-0509
                    Tel: (845) 486-6800

2581-227/dmf

# TABLE OF CONTENTS

**Page**

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Factual Background  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

           The Extension's Requirements for Warrants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

The Complaint Against Dutchess County Was Properly Dismissed . . . . . . . . . . . . . . . . . . . . .  4

Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

M^C^CABE & MACK LLP, ATTORNEYS AT LAW, POST OFFICE BOX 509, POUGHKEEPSIE, NY 12602

2581-227/dmf

# TABLE OF AUTHORITIES

<u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 98 S.Ct.
2018 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Point 128, LLC v. Sound De Point, LLC</u>, 2021 N.Y. Misc.
LEXIS 5143 (Queens County, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Vives v. City of New York</u>, 524 F.3d 346 (2d Cir., 2008) . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

-ii-

M<sup>C</sup>CABE & MACK LLP, ATTORNEYS AT LAW, POST OFFICE BOX 509, POUGHKEEPSIE, NY 12602

2581-227/dmf

### PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of defendant, Dutchess County Sheriff Adrian Anderson ("Sheriff Anderson") in response to the court order dated October 18, 2021 concerning certain assertions in the declaration of Brandie LaCasse wherein she avers that the Dutchess County Sheriff's Office ("DCSO") "refused to honor the default judgment and refused to evict my tenants."  (Dkt. No. 87, ¶18).  The court had previously exercised its discretion and dismissed the case against Dutchess County.  Despite the recent declaration of Ms. LaCasse, the court's order remains proper and it should not reinstitute any previously dismissed claims against Dutchess County.[1]

### FACTUAL BACKGROUND

The court is fully familiar with the procedural history of this matter and it is respectfully noted that plaintiffs filed an amended complaint ("AC") on October 15, 2021. (Dkt. No. 83).  That AC does not assert any claims against Dutchess County or its Sheriff.

The same day that the AC was filed, plaintiffs also filed an Order to Show Cause for a preliminary injunction challenging various provisions of New York Laws Chapter 417(S50001), Part C, Subpart A ("the Extension"), which extended and amended the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020.  ("CEEFPA").  It is understood from this court's order dated October 18, 2021 that the court has concerns with respect to actions taken, or not taken, by the DCSO as they relate to plaintiff Brandie LaCasse. The declaration of Brandie LaCasse in support of plaintiffs' application for a permanent injunction should not change this court's prior ruling dismissing the complaint against Dutchess County.

According to her declaration, Ms. LaCasse filed a holdover proceeding on December

---

[1]    Sheriff Adrian Anderson passed away on September 29, 2021.

2581-227/dmf

26, 2020.  (See, LaCasse declaration, ¶4).  That case was dismissed and her tenants provided

her with a signed declaration of hardship dated January 26, 2021.  (See, LaCasse declaration,

Exhibit "A").  Despite receipt of the hardship declaration, on  March 6, 2021, LaCasse filed a

Summons and Complaint in Dutchess County Supreme Court, commencing an action for

ejectment pursuant to NYS Common Law and Real Property Actions and Proceedings Law

§601.  (A copy of the Summons and Complaint is annexed to the Lee aff't. as Exhibit "A").

Apparently, according to court records, the tenant defendants failed to appear and an Order to

Show Cause ("OTSC") seeking a default judgment was submitted to Dutchess County

Supreme Court Judge Greenwald on May 7, 2021, and signed on May 11, 2021.  (Lee aff't.,

Exhibit "B").  The OTSC was returnable on July 28, 2021.  The court rendered a short form

order dated August 30, 2021 (Lee aff't., Exhibit "C").  According to that order, the tenant

defendants were in default in failing to answer or appear regarding the summons and

complaint, and were in default in failing to oppose the OTSC.  The court granted the OTSC in

favor of LaCasse and directed her to submit a "Judgment of Possession" to the court and

directed a virtual inquest to be held on September 20, 2021.  (Lee aff't., Exhibit "C"). It is not

clear from the Supreme Court record whether any inquest was held on September 20, 2021. A

"Judgment of Possession" was submitted to and signed by Judge Greenwald on September 21,

2021.  A copy of the judgment of possession is annexed to the Grieb affidavit as Exhibit "1".

(Lee aff't. Exhibit "D", Exhibit "1"). Typically, the judgment of possession is followed by the

issuance of a warrant. See, RPAPL § 749. Significantly, the judgment of possession is not a

warrant of eviction and when the judgment of possession was provided to the Sheriff's office,

it was rejected because it failed to comply with the requirements for warrants as set forth in

the Extension.  (Lee aff't. Exhibit "D").  While technically different, even if the judgment of

possession signed here were to be considered a warrant, it does not contain any of the

2581-227/dmf

language required by the Extension, i.e. it does not state: that the tenant has not submitted the hardship declaration; that the tenant was properly served with the hardship declaration or list the dates it was served by the petitioner and the court; or that the tenant is ineligible for a stay because the court found the hardship claim invalid; that the respondent intentionally caused significant damage to the property; the respondent is persistently and unreasonably engaging in behavior that substantially infringes on the use and enjoyment of other tenants or occupants or causes a substantial safety hazard to others, with a description of the behavior.  See, Extension, Part C, Subpart A, §6(b); and compare to (Lee aff't. Exhibit "D", Exhibit "1"). Even a cursory review of the judgment of possession and the Extension by this court will confirm the deficiencies.  It was properly rejected by the DSCO, which simply means that LaCasse should get a warrant that complies with the Extension.

After the judgment of possession was rejected because it did not contain the proper language, Ms. LaCasse's attorney prepared and submitted a warrant of ejection to Judge Greenwald.  (Lee aff't., Exhibit "E").  A signed "warrant of ejectment" is not contained on the Supreme Court docket, more significantly, no signed warrant has been provided to the DCSO. (Lee aff't., Exhibit "D").  This directly contradicts Ms. LaCasse's assertion in her declaration at ¶9, there is a "court ordered warrant of eviction". No valid warrant of eviction has been submitted to the DCSO for execution by Ms. LaCasse or her attorney. (Lee aff't., Exhibit "D").

**The Extension's Requirements for Warrants**

The Extension permits evictions to be performed, however, certain criteria must be met.  Specifically as the Extension relates to warrants and the Sheriff's ability to execute warrants, the DCSO is not permitted to execute a warrant that does not comply with the requirements of the Extension. "No officer to whom the warrant is directed shall execute a warrant for eviction that does not comply with the requirements of this section." (See,

2581-227/dmf

Extension, Part C, Subpart A, §6(d)).  Section 6(b) requires that the warrant state:  (i) the tenant has not submitted the hardship declaration and the tenant was properly served with a copy of the hardship declaration pursuant to this section, listing dates the tenant was served with the hardship declaration by the petitioner and the court; or (ii) the tenant is ineligible for a stay under this act because the court has found the respondent's hardship claim invalid, or the respondent intentionally caused significant damage to the property, or the respondent is persistently and unreasonably engaging in behavior that substantially infringes on the use and enjoyment of other tenants or occupants or causes a substantial safety hazard to others, with a specific description of the behavior.  See, Extension Part C, Subpart A, §6(b).  The judgment of possession signed by Judge Greenwald and annexed to the Grieb affidavit as Exhibit "1" does not comply with this section, as such the DCSO has no ability to execute it.  The judgment of possession is not a warrant, and it does not contain the required language.  Since the DCSO has not been provided with a warrant of eviction that complies with the extension, unless and until the extension is declared unconstitutional, or a proper warrant is submitted, it cannot act to evict Ms. LaCasse's tenants. Whether this language or the provisions of the Extension are subject to a challenge on constitutional grounds does not implicate Dutchess County, whether it "refused" to execute an invalid warrant or not. The proper party to defend against the claims raised in the AC is Judge Marks, not Dutchess County.

### THE COMPLAINT AGAINST DUTCHESS COUNTY WAS PROPERLY DISMISSED

Nothing about the submission to the DCSO of the judgment of possession and its failure to execute upon it creates liability or any possible constitutional violation - neither is any alleged in the AC.  There can be no claim against Dutchess County or its Sheriff's office for the failure to execute the judgment of possession as it is not a warrant of eviction, neither does it comply with the Extension.  The DCSO's role with respect to evictions is to serve the

2581-227/dmf

warrant of eviction, whether under CEEFPA or the Extension - however, this requires a valid warrant. A warrant of eviction is a court ordered, signed by a judge which directs the sheriff's office to put the petitioner/landlord into full possession of the premises. As affirmed by Sergeant Grieb, the DCSO does not apply for the warrant and has no discretion with respect to the issuance or execution of a warrant of eviction. It remains true that if the DCSO was provided with a valid warrant of eviction, signed by the judge, compliant with the Extension, the warrant would be served as indicated. In fact, since the effective date of the Extension, September 2, 2021, the DCSO has acted on more than 24 valid warrants. (Lee aff't., Exhibit "D").

As argued initially, the DCSO had no role in drafting or implementing CEEFPA or the Extension legislation and its mission is only to carry out the laws enacted by the legislature. The DCSO does not make a determination as to the validity or constitutionality of state statutes and uniformly handles and serves judicially signed warrants as required by law. When the warrant is signed by the court, and conforms to the law, it is served. (Lee aff't., Exhibit "D"). As it relates to the Sheriff, the Extension expressly forbids the Sheriff from executing a warrant that does not comply with the requirements of the Extension. (Extension, Part C, Subpart A, §6(d)). The language of the Extension does not give the Sheriff the ability to choose whether or not to execute a warrant and does not allow the Sheriff to exercise any discretion in the enforcement of this section. If the warrant does not comply with the Extension, the Sheriff cannot execute it. The plain language is very clear, "no officer to whom the warrant is directed shall execute a warrant for eviction that does not comply with the requirements of this section." (Extension, Part C, Subpart A, §6(d)). The requirement for a warrant of eviction pursuant to the Extension requires certain language:

> b.    In any eviction proceeding in which a warrant has been
> issued, including eviction proceedings filed on or before March

2581-227/dmf

> 7, 2020, any warrant issued shall not be effective as against the occupants, unless, in addition to the requirements under section 749 of the real property actions and proceedings law for warrants, such warrant states:  (i) the tenants have not submitted the hardship declaration and the tenant was properly served with a copy of the hardship declaration pursuant to this section, listing dates the tenant was served with the hardship declaration by the petitioner and the court; or (ii)  the tenant is ineligible for a stay under this act because the court has found the respondent's hardship claim invalid, or the respondent intentionally caused significant damage to the property, or the respondent is persistently and unreasonably engaging in behavior that substantially infringes on the use and enjoyment of other tenants or occupants or causes a substantial safety hazard to others, with a specific description of the behavior.

(See, Extension Part C, Subpart A, §6(b)).  This section goes on to prohibit the court from issuing a warrant and further restricts the ability of the Sheriff to serve any warrant that does not contain this required language.  The DCSO was provided with a judgment of possession, not a warrant.  In the event that the judgment of possession is construed to be a warrant, it is still deficient because it fails to include the language required by the extension.  Dutchess County understands that Ms. LaCasse, through her attorney, is endeavoring to obtain a warrant of eviction that complies with this requirement and, to the extent that such a warrant is obtained, it is believed that the warrant would be executed on.  However, without a proper warrant, the DCSO is constrained to follow the directives of state law which prohibit it from executing a warrant that does not contain the required language.  See, e.g. Point 128,  LLC v. Sound De Point,  LLC, 2021 N.Y. Misc. LEXIS 5143 (Queens County, 2021) (for a discussion on the contents of a warrant under the Extension).

Regardless, the AC does not allege any constitutional deprivation by Dutchess County or the Sheriff, it challenges the validity of various provisions of the Extension.  To the extent that Ms. LaCasse believes that she is aggrieved by the DCSO's rejection of an invalid "warrant", she has options: 1) she can obtain a valid warrant that contains the required

2581-227/dmf

language, or 2) she can file an Article 78 in Supreme Court challenging the determination of the Sheriff. It is clear from the Grieb affidavit that valid warrants are being issued and the DCSO is executing them.

If the court were to construe this as a <u>Monell</u> claim against Dutchess County, there are no allegations of any custom or policy that the County has to support a viable claim under <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 98 S.Ct. 2018 (1978). Presently, the DCSO is constrained from the execution of the judgment of possession because it fails to comply with the Extension. The court is respectfully referred to <u>Vives v. City of New York</u>, 524 F.3d 346 (2d Cir., 2008) where plaintiff challenged the constitutionality of Penal Law §240.30(1) which provides that "a person is guilty of aggravated harassment in the second degree when, with the intent to harass, annoy, threaten or alarm another person, he or she...communicates with a person, anonymously, or otherwise, by...mail, in a manner likely to cause annoyance or alarm." See, Penal Law §240.30. Plaintiff sent a packet of press clippings and written statements to people of the Jewish faith with the intent to alarm them about current world events that had been prophesied in the Bible. He sent a packet to a candidate for lieutenant governor and was ultimately arrested for aggravated harassment. He sued the City, the two detectives who arrested him and the police commissioner alleging that his arrest and detention violated his First and Fourth Amendment rights. He sought damages and a declaration that Penal Law §240.30(1) is unconstitutional insofar as it prohibits merely "annoying or alarming" speech, and sought injunctive relief. As relevant here, the City moved for judgment pursuant to F.R.Civ.P. 12(c) contending that Vives could not establish any City policy caused him harm because the Penal Law was enacted by the state legislature. The District Court denied the motion holding there was a dispositive difference between state statutes that a municipality is required to enforce and state statutes that a municipality is

2581-227/dmf

merely authorized to enforce.  A municipality cannot be held liable for enforcing a mandatory state statute.  *Id.*  The plain language of the Extension shows that it is mandatory.  The DCSO is required to comply with the statute, there is no discretion contemplated by its plain language.  The sheriffs are mandated by state law as to when a warrant of eviction can be served pursuant to the extension, if the warrant does not comply, it cannot be served. This is not akin to a sheriff deciding that the Penal Law has been violated, or that a driver has failed to comply with the Vehicle and Traffic Law provision.  The language in the Extension as it relates to the prohibition to serve a deficient warrant is clear, "No officer to whom the warrant is directed shall execute a warrant for eviction issued that does not comply with the requirements of this section."  See, Extension Part C,  Subpart A, §6(d).  There is no discretion contemplated by this statue and the Sheriff has no ability to serve a facially invalid warrant.  There is no contention that Dutchess County has a custom or policy to either enforce or not enforce the Extension.  It is plain and simple that the judgment of possession that was provided to the DCSO does not comply with the Extension and based on the state statute's plain language, the DCSO has no ability to execute that particular judgment of possession. Neither can it be alleged that the DCSO has a blanket policy staying evictions because of the Extension. According to Sgt. Grieb, warrants are being served, it is a matter of the warrant complying with the express terms of the statute. (Lee aff't., <u>Exhibit "D"</u>).  Neither are there allegations that Dutchess County had a policy to enforce the Extension in an unconstitutional manner. See, <u>Vives</u>, *infra*. Based on the record before this court, the plaintiff's are challenging various provisions of the Extension, they do not challenge the actions, or inactions of Dutchess County, neither does LaCasse allege that the failure of the DCSO to execute the judgment of possession was improper. It is rather telling that she alleges a "warrant" was issued, but no copy is attached to her Declaration - yet she includes a copy of the Hardship

2581-227/dmf

Declaration signed by her tenant.  Her challenge is to her inability to contest the hardship declaration, and while she finds it "galling" that the Sheriff's office is "refusing" to evict her tenants, this largely misrepresents what has actually occurred. (See, LaCasse declaration, ¶22).

    As such, were the court to reinstate the complaint as against Dutchess County, the complaint would still be subject to dismissal.

## CONCLUSION

    The court properly dismissed the Complaint against Dutchess County.

Dated: Poughkeepsie, New York
       October 27, 2021

_Kimberly Hunt Lee_
_____
Kimberly Hunt Lee (0192)