

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
SUFFOLK REGIONAL OFFICE

December 1, 2021

The Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

Re: *Chrysafis v. Marks,* No. 2:21-cv-2516 (E.D.N.Y.) (GRB) (AYS)

Dear Judge Brown:

In light of Your Honor's extensive decision filed November 29, 2021, which denied the motion for preliminary injunctive relief based on, among other things, lack of standing, Defendant Lawrence K. Marks respectfully renews his request that the action itself be dismissed.

As this Court is aware, a premotion letter for permission to move to dismiss the action was filed on November 4, 2021 (Dkt. No. 103). While all of the reasons noted in our letter provide independent grounds for dismissal, it is respectfully submitted that the finding by the Court that the plaintiffs lack standing divests this Court of jurisdiction and merits an immediate dismissal of the action. "Because federal courts are courts of limited jurisdiction, if a 'court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' Fed. R. Civ. P. 12(h)(3)". *McMorris v Carlos Lopez & Assoc., LLC*, 995 F.3d 295, 299 (2d Cir. 2021). As noted by the U.S. Supreme Court, "Under Article III, federal courts do not adjudicate hypothetical or abstract disputes. Federal courts do not possess a roving commission to publicly opine on every legal question. Federal courts do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities. And federal courts do not issue advisory opinions." *TransUnion LLC v Ramirez*, ___US___ , ___, 141 S. Ct. 2190, 2203 (2021).

Given that this Court has already determined that none of the plaintiffs herein have demonstrated standing at this point in time, it ventures into the realm of an abstract dispute were the Court to wait and see *if* future circumstances change the current state of affairs concerning these plaintiffs under the moratorium currently in effect or under some potentially new moratorium that might be enacted in the future but exists today only as a hypothesis.  While continuing developments in a "rapidly evolving factual and legal landscape" may change matters, *see* Memorandum and Order, Dkt. No. 134, p. 26, at the present time none of the plaintiffs in this litigation have standing to pursue any claim against the defendant.  It may be that at some point they or others might have standing to pursue a claim based on the moratorium – but that hypothetical circumstance cannot be the basis for a continuation of litigation here.

Inasmuch as "[w]ithout jurisdiction the court cannot proceed at all in any cause", *Steel Co. v Citizens for a Better Envt.*, 523 U.S. 83, 94 (1998), it is respectfully submitted that the present action must be dismissed as the plaintiffs' lack of standing dooms consideration of their claims. *See McNeil v Yale Chptr.*, 2021 U.S. App. LEXIS 33750, *2 (2d Cir Nov. 15, 2021).

Thank you for your time and attention to this matter.

        Respectfully,

*Susan M. Connolly*

SUSAN M. CONNOLLY
Assistant Attorney General

cc: Counsel for all parties via ECF